

# THE ATTORNEY GENERAL
# OF TEXAS

Grover Sellers                 **AUSTIN 11, TEXAS**
~~XXXXXXXXXXXXXX~~ERD
ATTORNEY GENERAL.

Honorable W. P. Herms, Jr.      Opinion No. O-6777
County Auditor
Waller County              Re: Tax valuation con-
Hempstead, Texas                tracts and related
                                   matters.

Dear Sir:

        Your request of recent date for an opinion of this
department is as follows:

        "In 1942 the Commissioners' Court of Waller
County entered into a tax valuation contract with
T. Morgan Biggs of Houston, Texas, for the calendar
years 1943 and 1944.

        "Then in September 1943, about one year later,
the Commissioners' Court entered into a contract
with T. Morgan Biggs for the years 1944 and 1945.
Both contracts above referred to are identical in
wording, except the periods covered in the first
contract was for 1943 and 1944, and the life of
the second contract was for 1944 and 1945. Please
note that both contracts included the year 1944.

        "The contract entered into for 1943-1944 and
also the contract for 1944-1945 was approved by me
as County Auditor.

        "In January 1945, three new Commissioners and
a new County Judge entered office; and during their
first month of office, Mr. Thomas Y. Pickett of
Dallas, Texas, appeared before the Commissioners'
Court to discuss a tax valuation contract with
Waller County for 1945 and 1946. I informed the
Commissioners' Court, in Mr. Pickett's presence,
that a contract existed for 1945 with T. Morgan
Briggs, and pointed out to Mr. Pickett and the Court
such contract in Commissioners' Court Minutes.

"Regardless of this fact, Commissioners' Court entered into contract with Thomas Y. Pickett for 1945 and 1946, a copy of which contract you will find enclosed, marked Exhibit "C". I refused to approve this contract, and pointed out to the court the possible results of entering into same, and I further told them that though I had not investigated this matter, that such action by them would almost surely end in a law suit. Regardless of this counsel, the Commissioners' Court entered into the contract with Pickett, also entering an order cancelling Biggs' contract, a copy of which cancellation order you will find enclosed and identified as Exhibit "B".

"Some weeks later, T. Morgan Biggs filed suit against Waller County for $4000.00 as evidenced by Exhibit "D" enclosed. It was not known at the time such suit was filed, what the exact amount of compensation of tax valuation contract would be for 1945.

"Thos. Y. Pickett did the work and performed the services on his contract--this after Biggs had filed suit.

"Biggs' suit was not heard in Spring term of District Court, and no doubt was continued until fall so that his pleadings could be amended to conform to the actual compenation under the contract which will amount to about $7000.

"As County Auditor, I approved Biggs' contract in September 1943, for 1944 and 1945. I did not approve Pickett's contract for 1945-1946. During the course of time, I thought that there might be an agreeable adjustment between all parties regarding this entire matter, but it is now evident that I shall have to dispose of this question of approving or disapproving compensation on two contracts.

"Pickett has rendered his bill to Waller County for $6,680.

"Under these circumstances, what are my duties as Auditor in reference to the approval or rejection of claims for payment of these contracts?

"I shall appreciate your specific advice on the following:

1. Is the compensation provided in the contracts with Biggs & Pickett legal?

2. What statute authorizes the Commissioners' Court to enter into such a contract?

3. In case both Biggs and Pickett present bills, which bill, if any, should I approve?

4. Should I refuse to approve payment to either Biggs or Pickett until Biggs' suit is disposed of?

"The possibilities have many remifications. I need to know just what I should do, as Auditor, to protect Waller County and also myself. This is of great importance to me, since this amounts to about $7000.00."

It is the policy of this department to refrain from answering questions involved in a law suit in this State. Therefore, we decline to answer questions concerning Biggs' contract since said contract is involved in the case of T. Morgan Biggs vs. County of Waller, et al, now pending in the District Court of Waller County. You are advised not to approve payment to Biggs unless and until there has been a final judgment entered in his favor in the litigation between him and Waller County.

The contract between Thos. Y. Pickett and Company and Waller County is similar to the valuation contract between Montgomery County and the firm of Pritchard and Abbott involved in our Opinion No. O-6380 wherein we held said contract to be valid. We are herewith enclosing a copy of said opinion. In view of our Opinion No. O-6380, supra, it is the opinion of this department that the contract between Waller County and Pickett is valid. Since Pickett's contract is not involved in the case of T. Morgan Biggs vs. County of Waller, it is the opinion of this department that when he has complied with his contract, he may be paid by the county the amount due him thereunder. Therefore, when his claim against the county has been approved by the Commissioners' Court, you may approve the same, unless no provision for the payment thereof has been provided in the current budget.

We trust that we have satisfactorily answered your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

s/ J. A. Ellis

By

J. A. Ellis
Assistant

s/ John Reeves

By          John Reeves

JR:LJ/cg
encl.

Approved Aug. 28, 1945

s/ Grover Sellers

ATTORNEY GENERAL OF TEXAS

Approved: Opinion Committee
By    BWB
      Chairman